IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Mandell Kemp, | ) | C/A No.: 1:09-3195-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Officer Johnson; Major Phillip Anderson; Cpt. Sharon Middleton Lt. Luke Lark; and Officer Brooks, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Travis Mandell Kemp, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by Defendants. Before the court are the following motions: (1) Plaintiff's Motions for Default Judgment [Entry #21, #26]; and (2) Defendants' Motion for Leave to File Answer Out of Time [Entry #27]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the Plaintiff's Motions for Default Judgment are dispositive motions, the undersigned submits this Report and Recommendation for the district judge's consideration.

I.   Procedural History

Plaintiff filed his complaint on December 18, 2009, and an order directing service of process was filed on January 14, 2010. On May 5, 2010 and August 5, 2010, Plaintiff filed motions for default judgment against Defendants, as they had failed to move or otherwise plead in response to the complaint. On November, 29, 2010, Defendants filed a motion for leave to file an answer out of time. Plaintiff responded to Defendants' motion

on January 3, 2011, arguing that Defendants negligently failed to timely answer the complaint.

In Defendants' motion and the accompanying affidavit of defendant Middleton, Defendants admit they were properly served, but assert that their failure to answer the complaint was the result of excusable neglect by defendant Middleton.  According to Defendants, Middleton is responsible for forwarding any new legal actions to the county attorney and she confused the instant case with another civil action Plaintiff brought. Middleton Aff., ¶¶ 7–8 [Entry #27-3].  Based on this confusion, Middleton failed to inform the county attorney that a response was required. *Id*. Defendants assert that Middleton mistakenly, and not willfully, ignored the Summons and Complaint, and therefore "good cause" exists to allow the filing of a responsive pleading at this time.

II.     Discussion

Although an entry of default has not been made in this case, the analysis under Fed. R. Civ. P. 55(c) is appropriate where a party has made a motion for default judgment. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006) ("The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge."). Generally, the entry of default or default judgment is disfavored because it prevents a plaintiff's claims from being decided on the merits. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2681 (1983).  Rule 55(c) permits a court to set aside an entry of default for good cause. "Traditionally, . . . relief from a[n entry of default] should be granted where the defaulting party acts with

reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *Cox v. Sprung's Transport & Movers, Ltd.*, 407 F.Supp.2d 754, 757 (D.S.C. 2006) (internal citations omitted). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Id.* Other factors to consider include "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 954 (internal quotation marks omitted).

After considering the standard under Fed. R. Civ. P. 55(c) and after careful consideration of the arguments and evidence submitted, the undersigned finds that Defendants have presented good cause and should be granted relief in this case. Defendants submitted an affidavit detailing the events surrounding the delay in filing an answer, which revolves around Middleton's confusing this lawsuit with a prior-filed lawsuit and her subsequent failure to forward notice of this lawsuit to the county attorney. Middleton Aff., ¶¶ 7–8 [Entry #27-3]. Further, Defendants acted promptly and with reasonable diligence in filing their motion upon receiving notification of Plaintiff's motion. There is no indication of any prejudice to Plaintiff in allowing the action to proceed, as this case is in its early stage. Finally, Defendants have demonstrated they have meritorious defenses including failure of Plaintiff to state a constitutional violation

and qualified immunity. Therefore, the undersigned recommends Defendants' motion to file an answer out of time be granted.

III.    Conclusion

Based on the foregoing reasons, the undersigned recommends that Defendants' Motion to File an Answer Out of Time [Entry #27] be granted. If the district judge accepts this recommendation, Plaintiff's Motions for Default Judgment [Entry #21, #26] will be rendered moot.

IT IS SO RECOMMENDED.

January 12, 2011                                         Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**