IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Travis Mandell Kemp,                          )          C/A No.: 1:09-3195-TLW-SVH
                                              )
                    Plaintiff,                )
                                              )
    vs.                                       )
                                              )          REPORT AND RECOMMENDATION
Officer Johnson; Major Phillip                )
Anderson; Cpt. Sharon Middleton Lt.           )
Luke Lark; and Officer Brooks,                )
                                              )
                    Defendants.               )
_____           )

        Plaintiff, proceeding pro se and in forma pauperis, brought this action pursuant to

42 U.S.C. § 1983, alleging violations of his civil rights by Defendants.  Before the court

is Defendants' Motion for Summary Judgment [Entry #64]. All pretrial proceedings in

this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)

and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment

is dispositive, the undersigned submits this Report and Recommendation for the district

judge's consideration.

I.      Factual and Procedural Background

        Plaintiff claims that on October 22, 2009 around 9:30 p.m. the water from the sink

in his cell was brownish-gold and was not safe for drinking. Compl. at 5 [Entry #1].

Plaintiff alleges he asked Defendant Johnson for clean water because his medicine makes

him thirsty, but was told that he should have obtained water before lockdown. Id. Plaintiff

alleges he asked to speak to Defendant Lark or the sargeant on shift, but his request was

denied. Id. Plaintiff alleges Johnson also told Plaintiff the water all over the jail looked

the same way. *Id*. at 5–6.  Plaintiff claims he drank the water and it caused him to break out with bumps and little black spots all over his body. *Id*.  Apparently, Plaintiff was also placed on lockdown for ten days because he was allegedly kicking on the doors, although he claims someone else was kicking. *Id.*

Regarding his second claim, Plaintiff alleges that on July 8, 2009, he was walking along the top tier of his dorm to return his food tray when an inmate in a cell on that floor opened his cell door, which was supposed to be locked. Compl. at 6 [Entry #1]. According to Plaintiff, he reacted quickly by shutting the inmate's cell door. *Id.*  Plaintiff claims he was in danger at the time, but does not allege that he was injured. *Id*.

Defendants filed their motion for summary judgment on April 28, 2011. [Entry #64].  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #65]. Plaintiff filed a timely response in opposition to the Defendants' motion. [Entry #68].  Having carefully considered the parties' submissions and the record in this case, the court recommends granting Defendants' motion for summary judgment.

II.    Discussion

A.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). The movant bears the initial burden of

2

demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.    Analysis

    1.    Relevant Law

Plaintiff's claims are analyzed through the lens of the Due Process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill,* 979 F.2d at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In doing so, the *Bell* court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

    However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are

4

essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees.  *See Hill*, 979 F.2d at 991 (4th Cir. 1992); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment and county detention centers have a duty under the Fourteenth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In order to state a viable conditions of confinement claim, an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993), the Fourth Circuit explained that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm.  The Prison Litigation Reform Act of 1996 also placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition.  Under federal law, no recovery of monetary damages is allowed for emotional stress: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for

5

mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Therefore, there is no liability under § 1983 for such claims.

####  2.    Lack of Clean Water

Plaintiff has failed to show that the deprivation of water for a limited period of time posed a substantial risk of serious harm. Although it is not completely clear from the record how long Plaintiff was without clean drinking water, Plaintiff does not complain about a lack of water beyond the evening of October 22, 2009.  "Occasional, short lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment." *See Williams v. Ozmint*, C/A No.  6:07-2409-DCN-WMC, 2008 WL 4372986,  *7 (D.S.C. Sept. 22, 2008).  Additionally, Plaintiff has not shown that the prison official's state of mind was one of deliberate indifference. Defendant Johnson informed Plaintiff that the running water was discolored throughout the jail and was not isolated to Plaintiff's cell.  Additionally, Plaintiff told Johnson that he received water before lockdown, so Johnson knew Plaintiff was not at a substantial risk of serious harm from dehydration. Therefore, Plaintiff's conditions of confinement claim for lack of clean water cannot survive summary judgment.[1]

───────────────────

[1]  To the extent Plaintiff claims a constitutional violation for being placed on lockdown for eight days for allegedly kicking the door, a charge which he claim is false, his claim also fails. Plaintiff has no general constitutional right to certain privileges, nor does he have any constitutional right to placement in any particular custody classification. *See Slezak v. Evatt*, 21 F.3d 590 (4th Cir. 1994) (the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed); *Tarney v. Boles*, 400 F.Supp.2d 1027, 1040 (E.D.Mich.2005) (inmate's loss or restriction of telephone privileges for disciplinary reasons is not considered an atypical significant hardship, even

3.    Unlocked inmate door

Plaintiff's claim regarding the alleged danger resulting from another inmate's unlocked door also fails. Plaintiff has failed to show that he suffered a physical injury as a result of the alleged condition. Plaintiff has failed to allege that the unlocked door resulted in serious harm to him. Thus, because Plaintiff has failed to prove his basic human needs have not been met or that he has suffered any physical injury, Plaintiff cannot demonstrate a constitutional deprivation. Therefore, it is recommended that Defendants be granted summary judgment.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #64] be granted and this case be dismissed with prejudice. If the district judge accepts this recommendation, the remaining discovery motions [Entry #58, #59] will be rendered moot.[2]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 17, 2011                              Shiva V. Hodges
Florence, South Carolina                  United States Magistrate Judge

_____

when the disciplinary charges are allegedly false, and therefore does not implicate a liberty interest protected by due process).

[2] Although Plaintiff argues Defendants' responses to his discovery requests were insufficient, the undersigned notes that the Recommendation in this case would be the same if all of Plaintiff's allegations were supported by evidence, as Plaintiff's allegations fail to set forth a constitutional violation.

7